IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON A. MORRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:21-CV-0323-DGK |
| | ) | Crim. No. 4:17-CR-0200-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT**

This case arises out of Movant Brandon Morris's conviction pursuant to a plea agreement for distribution of drugs and possession of a firearm in furtherance of drug trafficking. The Court sentenced Movant as a career offender to 262 months' imprisonment. Now before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody." ECF No. 1.

Because there are no disputed questions of fact and there is no merit to any of Movant's claims, the Court DENIES the motion without a hearing. Additionally, since no reasonable jurist would grant this § 2255 motion, the Court declines to issue a certificate of appealability.

**Procedural History**

During an investigation into drug trafficking, an undercover detective observed Movant, a felon, in possession of what appeared to be a firearm during a drug sale. Police subsequently arrested Movant and found him to be in possession of a handgun and drugs. A grand jury subsequently filed a three-count indictment against Movant charging him with: being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); possession with intent to distribute some amount of cocaine in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(C) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).

The parties reached a plea agreement wherein Movant would plead guilty to Counts Two and Three and, in return, the Government would dismiss Count One. The plea agreement contained a factual basis for the guilty plea and advised Movant of the statutory penalties for the offenses. In the plea agreement, Movant also consented to the sentencing procedures to be utilized by the Court, including the use of relevant conduct; the calculation of the advisory Sentencing Guidelines; the preparation of the Presentence Investigation Report ("PSR"), and this Court's discretion to impose any sentence within the statutory range of punishment. Movant also waived certain rights to appeal or collaterally attack his conviction.

On January 4, 2018, Movant appeared before Magistrate Judge Robert E. Larson and plead guilty to Counts Two and Three pursuant to the plea agreement. Through the plea agreement, Movant agreed that his guilty plea was freely and voluntarily made; that he was satisfied with the assistance he had received from his attorney; and that no threats or promises had been made to induce him to plead guilty. During the hearing itself, Movant agreed with the charges and the statutory penalty for each of the charges; waived his constitutional rights to a jury trial; made a factual basis for the guilty plea; acknowledged the terms of the plea agreement; stated that no promises or threats had been made to induce the guilty plea; and stated that the guilty plea was freely and voluntary tendered. Additionally, Movant stated he was satisfied with his attorney's performance and that she had done everything he had asked. This Court then accepted Movant's guilty plea.

On April 23, 2018, the probation office issued the PSR. The PSR calculated a base offense level of 14 based on the amount of cocaine, up from a base level of 12. It also found

Movant was a career offender based on prior convictions for sale of imitation controlled substance and second-degree domestic assault. It calculated a criminal history score of 14, which resulted in a criminal history category of VI. This yielded a statutory range of up to 20 years on Count Two, a statutory range of five years to life consecutive on Count Three, and an advisory range of 262 to 327 months.

Defense counsel objected, arguing the sale of an imitation controlled substance did not qualify as a controlled substance offense, and second-degree domestic assault was not a crime of violence, and therefore the Sentencing Guidelines should not have applied the career offender provisions.

The Government filed a sentencing memorandum arguing that Movant's objections were foreclosed by Eighth Circuit law and discussing the statutory sentencing factors under 18 U.S.C. § 3553(a). Defense counsel's sentencing memorandum argued in favor of the objection and discussed the § 3553(a) factors.

The Court held the sentencing hearing on November 27, 2018. The Court first took up Movant's sentencing guidelines objections, denied them, and found a sentencing range based on the career offender provisions of 262 to 327 months. The Government requested a sentence within the Guidelines range; defense counsel requested a downward variance; and Movant, after addressing the Court, requested a sentence at the low end of the Guidelines. The Court discussed the statutory sentencing factors and sentenced Movant to 262 months' imprisonment—202 months on Count Two and 60 months consecutive on Count Three—a sentence at the bottom of the advisory range.

Movant appealed the sentence, arguing the district court erred in applying the career offender provision. Movant argued that the Sentencing Guidelines do not specify how a court

3

Case 4:17-cr-00200-DGK   Document 63   Filed 04/25/24   Page 3 of 9

must choose between multiple prior sentences, and so the rule of lenity required the Court to choose those offenses that did not include the controlled substance offense. *United States v. Morris*, 955 F.3d 722, 724 (8th Cir. 2020). The Eighth Circuit found no error and denied the claim. *Id*. at 723–25. It held the Guidelines are not ambiguous; the plain language of the Guidelines granted district courts discretion to choose which prior conviction to count; and that this Court's decisions were not error. *Id*.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Movant's claims here are based on ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

**Discussion**

**I.      Movant's claims are without merit.**

Movant asserts four claims. Movant alleges he received ineffective assistance of counsel because: (1) defense counsel erred by advising him to plead guilty even though he was legally and factually innocent of Count Three; (2) defense counsel erred by negotiating a plea deal involving Count One despite his being legally innocent of this crime because he did not know his prior felonies precluded him from possessing a firearm; (3) his guilty plea was not knowing and voluntary because, based on defense counsel's advice, he had a reasonable expectation of receiving a sentence between 87 and 93 months, and in actuality he faced a much higher range; and (4) the Eighth Circuit's decision affirming this Court's decision to choose which prior convictions to count violated his due process rights. These claims are without merit.

**A. Defense counsel did not err in advising Movant to plead guilty to Count Three.**

In the first ground, Movant contends that defense counsel was ineffective for advising him to plead guilty to Count Three because the gun he possessed was carried for personal protection from other gang members, thus he was actually innocent of possessing a firearm in furtherance of drug trafficking. This argument is unavailing because Movant is not actually innocent of this crime. It is well-established that a defendant's possessing a gun to ward off

5

Case 4:17-cr-00200-DGK    Document 63    Filed 04/25/24    Page 5 of 9

others who might want to steal drugs or cash associated with the defendant's drug trafficking is sufficient to sustain a conviction for possessing a firearm in furtherance of drug trafficking. *See, e.g.*, *United States v. Vang*, 3 F.4th 1064, 1067 (8th Cir. 2021) ("A nexus between a gun and a drug offense can be shown by evidence that the firearm was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions."). Since Movant is not actually innocent of this crime, he cannot show prejudice.

### B. Defense counsel's advice was not contrary to *Rehaif*.

Movant's second claim is based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019) (holding a conviction for felon in possession of a firearm requires the individual to know not only that he possessed a firearm, but also that he knew he was a felon when he possessed the firearm). Movant contends that, while he knew he was a felon, he believed he was not barred from possessing a firearm, so he could not have been convicted on Count One. Thus, defense counsel was ineffective for negotiating a plea deal where the consideration Movant received was the dismissal of Count One.

This argument is unavailing because Movant cannot show prejudice for at least three reasons. First, defense counsel's advice regarding the knowledge element required for conviction under § 922(g) was accurate at the time she gave it. Movant plead guilty on January 4, 2018, well before the Supreme Court handed down *Rehaif* on June 21, 2019, and defense counsel cannot be deemed ineffective for failing to predict the holding in *Rehaif*. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("[C]ounsel is not accountable for unknown future changes in the law."); *Horne v. Trickey*, 895 F.2d 497, 500 (8th Cir. 1990) (not ineffective assistance of counsel to fail to foresee "a significant change in existing law.") Second, Movant does not have a valid *Rehaif* claim. *Rehaif* applies where the accused was not aware of his status

as a felon at the time he possessed the firearm. But Movant admits in his motion that he knew he was a felon; his claim is that he did not know that felons could not possess firearm. This is an ignorance of law defense, but "Rehaif did not alter the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020). Third and finally, even if Movant somehow had a valid *Rehaif* claim, he was not convicted or sentenced for a violation of § 922(g), thus he was not prejudiced.

### C. Movant's guilty plea was knowing and voluntary.

Movant's third claim is that his guilty plea was not knowingly and voluntarily because he was not advised that the career offender provision would apply to him before he pled guilty. Movant claims he asked counsel if his prior convictions would increase his sentence and counsel incorrectly informed him that the career offender provision would not apply. Even if true, this does not matter.

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

*United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006); *see also United States v. Ludwig*, 972 F.2d 948, 949–51 (8th Cir. 1992) (holding that a failure to advise a defendant that the career offender provisions might apply did not provide a basis for plea withdrawal even though counsel calculated the likely Guidelines range as 130 to 162 months and the actual career offender range was 210 to 262 months).

Movant's plea agreement advised him of the statutory range of punishment, and during the change-of-plea hearing, Movant stated he understood the charges and the statutory penalty for each of the charges. This is sufficient. "[I]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155–56 (8th Cir. 2009).

This claim is unavailing.

**D. Movant's challenge to the Eighth Circuit's decision on his direct appeal is not cognizable under § 2255.**

Finally, there is no merit to Movant's claim that the Eighth Circuit's decision on his direct appeal affirming his sentence violates due process. A motion under § 2255 may not "be used to relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc); *see also United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."). A movant cannot avoid this rule by recasting his claim as one of ineffective assistance of counsel. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

**II.    No evidentiary hearing will be held.**

Where a motion raises no disputed question of fact, no evidentiary hearing is required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). The Court's ruling on the pending motion does not rest on any disputed questions of fact, so no evidentiary hearing is required or will be held.

**III.    No certificate of appealability should be issued.**

To appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   April 25, 2024                                  /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT